FILED IN THE
20TH JUDICIAL DISTRICT

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO<br>1777 6th Street<br>Boulder, Colorado 80302 | 2023 JAN 27 P 1:19<br>**COURT USE ONLY** |
| **Plaintiff: Audrey Zierke**<br><br>and<br><br>**Defendants: American Van Lines, Inc., Next Stop Moving and Storage** | |
| Audrey Zierke, *pro se*<br>1637 Gilpin Alley<br>Erie, Colorado 80516<br>707.853.1586<br>denatalea@gmail.com | Case Number:<br>23CV12<br><br>Division: 5 Courtroom: |
| **VERIFIED COMPLAINT AND JURY DEMAND AND REQUEST FOR IMMEDIATE INJUNCTION PURSUANT TO C.R.C.P. RULE 65** | |

Plaintiff, Audrey Zierke, *pro se*, states for her Verified Complaint and Jury Demand as follows:[1]

Defendants have conspired to engage in a bait and switch fraud upon Plaintiff and other consumers throughout the country. They are holding Plaintiff's cherished personal possessions hostage and demanding increased fees. **They have threatened to immediately commence proceedings to auction all of Plaintiff's personal possessions if she does not pay amounts in excess of the contracted for price and refuse to provide reassurances to counsel of the safety of her possessions to permit time for resolution.** The harm caused by the sale of Plaintiff's personal possessions would be irreparable and justifies entry of an *ex parte* Temporary Restraining Order to preserve the *status quo*. C.R.C.P. Rule 65(b).

## PARTIES

1. Plaintiff Audrey Zierke resides in the State of Colorado, County of Arapahoe.

2. Defendant American Van Lines, Inc. ("AVL") is a company that resides at 1351

---

[1] *Drafting assistance provided by Carissa V. Sears, #33980, of The Sears Law Office, LLC, 1001 Bannock Street, Suite 134, Denver, Colorado 80204, 720.412.1172, carissa@searslaw.org.*

NW 22nd Street, Pompano Beach, Florida 33069.

3. On information and belief, Defendant Next Stop Moving and Storage ("NS") is either

    a. a limited liability company that resides at 30 N Gould Street Suite R in Sheridan, Wyoming 82801. However, the entity's Wyoming status is "Inactive—Administratively Dissolved" as of May 9, 2022, well before the events set forth herein, USDOT #3273506, or

    b. A d/b/a residing at 646 County Road 234 in Georgetown, Texas 78633, USDOT #3756197.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in the State of Colorado pursuant to Article VI, Section 9 of the Constitution of the State of Colorado and C.R.S. § 13-1-124. Defendant advertises in and/or entered into contracts with residents of the State of Colorado, and Article VI, Section 9 of the Constitution of the State of Colorado provides that the district court shall be the trial court of record with general jurisdiction and shall have original jurisdiction over all civil cases, except as otherwise provided by statute.

5. Venue in Boulder County District Court is proper pursuant to Rule 98(c)(1) because Plaintiff resides in this county and because no Defendant resides in the State of Colorado.

## FACTUAL ALLEGATIONS

6. Professional movers take all of our belongings, load them onto a van, and drive away.

7. We entrust them to deliver our belongings, at the rate we agreed to pay, to the place we designate, within the time frame they quote, in the same condition.

8. This is an act of enormous trust.

9. However, in recent years moving industry complaints have doubled. https://homeservicesrelocation.com/moving-industry-complaints-on-the-rise/

10. The Federal Motor Carrier Safety Administration responded by launching a national investigation into consumer complaints and cautions: "There are many kinds of moving fraud—deliberately low-balling an estimate to later ask for more money, withholding customer belongings unless they pay significantly more than the quoted price, or knowingly assigning a false weight to a shipment, to name a few." https://www.fmcsa.dot.gov/protect-your-move/file-a-complaint?utm_source=google&utm_medium=cpc&utm_campaign=ar-

fy22pym&utm_content=post&gclid=Cj0KCQiAw8OeBhCeARIsAGxWtUxRAKkQ4OmURm0 2Jf1fVO-Ylcv5OP4sQNz7cbUPJ-Pa_ytMNxD3hGgaApJ0EALw_wcB

11. Plaintiff experienced all of these and more.

12. Moving companies such as Defendants have become incredibly sophisticated, and now produce an initial quote for consumers, only to show up at their door in the guise of a second alter ego company that demands more money, makes false promises, and in Plaintiff's case, even fictionalizes inventory.

13. Moreover, the Defendants have engaged in similar conduct against untold numbers of consumers.

14. Defendant AVL, USDOT # 614506, had 48 complaints filed against it last year with the Department of Transportation ("DOT") including holding belongings hostage, pick-up and delivery violations, and deceptive business practices.

15. AVL boasts "You won't have to worry about our ability to provide the services you need exactly when you need them."

16. Yet on the day scheduled for pick up, AVL called, without asking permission, flatly informed Zierke that it was sending a truck from it's "sister company" NS.

17. Meanwhile, AVL boasts to consumers that they are a family-owned business with employees who are "some of the best in the industry," providing "accurate inventory of all items being moved for your personal reference," assuring "You Can Feel Confident About Our Dependable Long Distance Moving Services."

18. In stark contrast to these claims, the Better Business Bureau has cautioned consumers that AVL "has a non-disparagement clause in its consumer contract that prohibits customers from filing generally or posting negative reviews as a result of marketplace interaction."

19. **Contrary to Defendant's advertising, a brief review of the Better Business Bureau's website nevertheless shows that hundreds of customers have experienced appalling deceptive business practices in the past three years alone.**

20. Defendants have a lengthy history of baiting customers with low quotes to get deposits, forcing customers to use their selected third-party subcontractors, multiplying the costs on arrival with customers under duress, holding possessions hostage for increased fees, and not compensating for broken and missing items. The below examples are each separate complaints from separate consumers days apart:

    a. "AVL gave me a low-ball 'Binding Estimate', but on move day, they voided the contract and came up with a NEW price....So, here we are, already past the escrow date and we absolutely have to be moved today, and *** gives

us a price that is MORE THAN DOUBLE the original 'binding estimate....And that's the scam." Dated 11/14/2022

b. "About 30 items are missing and to this date American Van Lines has not provided a location of where those items could be, nor admit they were lost....more than $8000 in loss and damages" 11/17/2022

c. "mandated payment in full in the amount of $14,091.67 before unloading the truck. Once the crew was done unloading the truck, I was notified that the remainder of my goods would be delivered at a later date. ...unable to tell me where my goods are located or when they will be delivered." 11/2/2022

d. "never picked up half my stuff...workers took my items and held them hostage...Now one should ever work these people it is borderline a scam." 11/2/2022

e. "They assured me they only use their own employees which is a big lie. They sent a 3rd party mover, 2 questionable kids..biggest nightmare ever" 10/28/2022

f. "Multiple times during this process they attempted to go back on their word and rephrase the estimate so that it would benefit them and raise costs..."charges for weight that did not exist" 10/25/2022

21. Plaintiff Audrey Zierke hired AVL for her move from California to Colorado.

22. AVL provided a pick up window for the shipment of December 22 through 24, 2022 and a delivery window of December 24 through January 3, 2023.

23. AVL did not provide a firm pick up date but assured Zierke they would call a few days in advance to provide one.

24. They did not.

25. Having heard nothing by the 22nd, Zierke reached out and was told they would call back the next day.

26. On the 23rd, they called to say they would not be picking up her things, but would be sending their "sister company," NS, the following day.

27. When NS arrived, they forced Zierke to sign new paperwork doubling the price, but explicitly reassured her numerous times that the price would return to the original quote "once American Van Lines had the property" (from NS).

28. When Zierke later had an opportunity to review the new paperwork more

4

completely, she learned most of the items listed as "additional" were not items she even owned or possessed—they were completely fake entries.

29. January 3, 2023 came and went, and Zierke had not received her shipment.

30. Zierke's partner reached out on January 6, 2023 and was told that AVL they they did not know where Zierke's shipment even was.

31. It eventually became clear AVL never pick up, received, transported, or otherwise handled Zierke's shipment in any way.

32. NS refuses to deliver the shipment and Zierke has been deprived of the use of essentiually all of her belongings.

33. In short, NS, who Zierke never agreed to contract with in the first place, has stolen all of her possessions.

34. NS has no realistic means to deliver all of the items it unliterally listed on the inventory as Zierke never possessed them and NS never received or shipped them.

35. It is clear Defendants' entire business model is a fraud upon the public.

### FIRST CLAIM FOR RELIEF
(Violation of C.R.S. § 6-1-105(1)(e)--Colorado Consumer Protection Act
C.R.S. § 6-1-113(2)(a)(III), (b))—Triple Damages plus Attorney Fees )

36. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

37. Defendants engaged in a deceptive trade practice:

   a. Defendants knowingly or recklessly make a false representation as to the characteristics or benefits of its services; C.R.S. § 6-1-105(1)(e).

   b. Defendants misrepresented the quality and standard of their services; C.R.S. § 6-1-105(1)(g).

   c. Defendants advertise services with intent not to sell them as advertised; C.R.S. § 6-1-105(1)(i).

   d. Defendants fails to deliver to the customer all of the terms and conditions of the sale, including a non-misleading description of its services, stated in readable, clear, and unambiguous language; C.R.S. § 6-1-105(1)(m).

   e. Defendants employ "bait and switch" advertising; C.R.S. § 6-1-105(1)(n).

   f. Defendants market services which are unusable or impractical for the purposes advertised; C.R.S. § 6-1-105(1)(n)(VI).

   g. Defendants fail to disclose material information concerning its services which were known at the time intending to induce the consumer to enter a transaction; C.R.S. § 6-1-105(1)(u).

38. The deceptive trade practice occurred in the course of Defendants' business.

39. The deceptive trade practice significantly impacts the public as actual or potential consumers of Defendants' services.

40. Plaintiff was an actual consumer of Defendants' services.

41. The deceptive trade practice caused actual damages or losses to Plaintiff.

## SECOND CLAIM FOR RELIEF
### (Conspiracy to violate the Colorado Organized Crime Control Act C.R.S. 18-17-104 COCCA)

42. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

43. Defendants are affiliated through an enterprise.

44. The enterprise engages in a pattern of racketeering activity.

45. Through the enterprise, Defendants racketeering involves unlawful activities and/or lawful activities directed to serve an unlawful goal.

46. Plaintiff has been damaged thereby.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Misrepresentation in Inducement to Contract)

47. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

48. Defendants made representations they knew were false or recklessly made statements they knew may be false and failed to correct them.

49. The facts were material; a reasonable person under the circumstances would regard them as important in deciding what to do.

50. Defendant failed to disclose the fact with the intent that Plaintiff take a course of action he might not take if he knew the actual facts.

51. Plaintiff took such action relying on the assumption that the undisclosed fact did not exist or was different from what it actually was.

52. Plaintiff's reliance was justified.

53. This reliance caused injuries, damages, and/or losses to Plaintiff.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

54. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

55. Defendants entered into a contract with Plaintiff.

56. Defendants failed to perform and/or violated its duties under the contract.

57. Defendants' words and conduct demonstrate its clear and definite intention not to perform the contract before the time when it was to be completed.

58. Plaintiff substantially performed his duties under the contract.

59. To any extent Plaintiff did not perform, her performance was excused by Defendants' breaches.

60. Plaintiff suffered damages thereby.

## FIFTH CLAIM FOR RELIEF
(Unjust Enrichment)

61. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

62. Defendants received benefits in the form of $21,590.

63. Defendant benefitted at Plaintiff's expense.

64. The circumstances under which Defendant received benefits at Plaintiff's expense make it unjust for Defendant to retain the benefits without commensurate compensation.

65. Plaintiff suffered damages thereby.

## SIXTH CLAIM FOR RELIEF
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

7

66. Plaintiff incorporates and realleges the previous paragraphs as though fully set forth herein.

67. The parties entered into a contract requiring each party to act in good faith and to deal fairly with the other.

68. Defendants' actions and refusals are not consistent with the Parties' agreed common purpose.

69. Defendants' actions and refusals are not consistent with the Parties' reasonable expectations.

70. Plaintiff suffered damages thereby.

**WHEREFORE, Plaintiff Audrey Zierke respectfully requests the Court enter judgment in its favor:**

Against Defendants for economic damages in an amount to be determined at trial;

Triple damages pursuant to statute;

Punitive/exemplary damages;

Special damages;

Against Defendants for Plaintiffs' attorney's fees, costs, and pre- and post- judgment interest as may be permitted by contract, rule, and law; and

For such other and further relief as the Court deems just and proper.

## VERIFICATION

The undersigned states that she is familiar with the facts stated in the foregoing Verified Complaint and that such facts are true and correct to the best of her knowledge and belief.

By: Audrey Zierke

DATED this 27th day of January, 2023.